## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

CASE NO.:

AMANDA SEDA,

     Plaintiff,

v.

PATLIVE, INC D/B/A TRESTA, INC.,
a Florida Profit Corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMANDA SEDA ("Ms. Seda" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), and for pregnancy discrimination and retaliation in violation of Title VII/the Pregnancy Discrimination Act ("PDA"), and is seeking recovery from PATLIVE, INC D/B/A TRESTA, INC. ("PATLIVE" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## JURISDICTION

1.    Jurisdiction in this Court is proper as the claims arise under federal law pursuant to Title VII and the PDA.

2.    Jurisdiction is proper as the actions giving rise to this lawsuit occurred in Leon County, Florida.

## CONDITIONS PRECEDENT

3.      Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about April 22, 2022.

4.      On or around July 13, 2022, the EEOC issued Plaintiff a Right to Sue, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of same.

5.      Plaintiff timely files this action within the applicable period of limitations against Defendant.

6.      Plaintiff has satisfied all administrative prerequisites and all conditions precedent to this action have been satisfied and/or waived.

## VENUE

7.      Venue is proper because Defendant conducts substantial business in Leon County, Florida, and Plaintiff worked for Defendant in Leon County, Florida, where the actions at issue took place.

## PARTIES

8.      During all times relevant, Plaintiff lived in Leon County, Florida.

9.      Plaintiff is protected by the PDA because:

      a.      She was a pregnant female who suffered discrimination because of her pregnancy by Defendant; and

      b.      She suffered an adverse employment action based on her pregnancy, including being fired because of discrimination and retaliation by Defendant regarding her pregnancy.

10.     Defendant was at all material times an "employer" as defined by the PDA as it employed in excess of fifteen (15) employees.

11.     Defendant is a Florida Profit Corporation located in Tallahassee, Leon County, Florida, that operates call centers in, among other places, Leon County, Florida.

12.     At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

13.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

14.     Plaintiff worked for Defendant as a Customer Support Agent in one of its Tallahassee, Florida call center locations from March 2019, until her termination on July 14, 2021.

15.     In Summer of 2021, Ms. Seda informed her PATLIVE supervisors that she was pregnant.

16.     On June 15, 2021, Plaintiff informed Defendant's Human Resources Department of her pregnancy and requested the reasonable accommodations of occasional absences and early departures from work in order to attend medical appointments.

17.     Ms. Seda subsequently received FMLA/medical leave paperwork from Defendant and began the process of securing medical certification paperwork from her treating physician.

18.     Ms. Seda's request for FMLA/medical leave forms and accomodations was protected activity under the FMLA, Title VII, and the PDA..

19.     On July 14, 2021, while Ms. Seda was still in the process of properly applying for FMLA, PATLIVE informed Ms. Seda that it had decided to terminate her employment, effective immediately.

20.     PATLIVE offered no cogent explanation for taking this extreme adverse employment action against Ms. Seda

21.     Plaintiff's termination constitutes retaliatory and adverse employment action as defined by the FMLA, PDA, and Title VII.

22.     Plaintiff suffered sufficiently severe and pervasive negative treatment because of her pregnancy/sex, and request for FMLA leave, causing Plaintiff's termination.

23.     Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Seda notifying PATLIVE of her pregnancy, and in retaliation for Ms. Seda requiring unpaid and requesting leave pursuant to the FMLA in order to treat and address same.

24.     Defendant was well aware of Plaintiff's FMLA/PDA/Title VII-01protected condition and her requests, and need, for accommodation

25.     Plaintiff was treated less favorably than other employees working for Defendant who were similarly situated in all respects, but were not member(s) of Plaintiff's protected class.

26.     Plaintiff can demonstrate that Defendant's termination was a pretext, and a concocted way to discard her based on her pregnancy and thereby rid the workplace of a pregnant employee.

27.     Plaintiff is an individual who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Customer Support Agent, and had indeed done so prior to, and during, her pregnancy.

28.     Defendant's treatment of Plaintiff in this regard is illegal. *See Byrd v. Lakeshore Hospital*, 30 F.3d 1380, 1382 (11th Cir.1994) ("It is today a settled principle that the [pregnancy laws] are violated when pregnant employees are denied privileges afforded non-pregnant employees."); *see also Armindo v. Padlocker, Inc.*, 209 F.3d 1319, 1320 (11th Cir.2000) (an employer violates the PDA when it fires an employee based on her pregnancy.).

29.     At all material times hereto, Plaintiff was ready, willing and able to perform her job duties, with or without reasonable accommodation.

30.     Plaintiff was a pregnant individual during her employment and was therefore a member of a protected class as envisioned by the PDA.

31.     Despite the availability of a reasonable accommodation under the PDA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by her pregnancy from completing her assigned job duties, Defendant discriminated against Plaintiff based on her pregnancy and her need for occasional, but reasonable, accommodation.

32.     Defendant did not have a legitimate, non-retaliatory reason, for its actions.

33.     Any reason provided by Defendant for its actions is pretext.

34.     The timing of Plaintiff's termination, which was in temporal proximity to her objections to pregnancy discrimination and FMLA interference, demonstrates the causal and temporal connection between her protected FMLA/PDA activity and the illegal actions taken against her by Defendant.

35.     Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

36.     As a result of this illegal conduct, Plaintiff has suffered damages including loss of employment, wages, benefits, and other remuneration to which she is entitled.

37.     Defendant did not have a good faith basis for its actions.

38.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

39.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24, 32-38 above, as if fully set forth herein.

40.     At all times relevant hereto, Plaintiff was protected by the FMLA.

41.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

42.     At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her rights to utilize FMLA leave to which she was entitled.

43.     As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

44.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, immediate reinstatement into her position/injunctive relief, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

45.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 11-24, 32-38, above, as if fully set forth herein.

46.     At all times relevant hereto, Plaintiff was protected by the FMLA.

47.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

48.     At all times relevant hereto, Defendant retaliated against Plaintiff by discharging her for requesting FMLA forms and FMLA leave and for attempting to utilize what should have been FMLA-protected leave, and for her request for FMLA leave.

49.     Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

50.     As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

51.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, immediate reinstatement into her position/injunctive relief, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## <u>COUNT III- PREGNANCY DISCRIMINATION<br>IN VIOLATION OF THE PDA</u>

52.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33, 35-38, above, as if fully set forth herein.

53.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against pregnancy discrimination under Title VII and the PDA.

54.     The discrimination to which Plaintiff was subjected was based solely on her pregnancy.

55.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

56.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

57.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII and the PDA.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT IV- PREGNANCY RETALIATION
## IN VIOLATION OF THE PDA

58.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33, 35-38 above, as if fully set forth herein.

59.     Plaintiff was discharged within close temporal proximity of her request for reasonable accommodations based on her pregnancy.

60.     Plaintiff's requests for accommodations constituted protected activity under the PDA.

61.     Plaintiff was discharged as a direct result of her requests for accommodations due to her pregnancy.

62.     Plaintiff's request for accommodations, and her discharge, are causally related.

63.     Defendant's stated reasons for Plaintiff's discharge are a pretext.

64.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the PDA.

67.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands trial by jury on all issues so triable.

DATED this 3rd of October, 2022

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.

10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**
*Attorneys for Plaintiff*